October 18, 2007

Hon Michael H. Dollinger
United States District Court
500 Pearl Street
New York, NY 10007

        Re: <u>U.S. v. Samantha Lemons</u>
           07 Mag. 785 (MHD)

Dear Judge Dollinger:

      The letter is written in connection with the sentencing of my client, Ms. Lemons.

      While Ms. Lemons was a friend of the co-defendant James Fox, she had no idea that he was involved in sales of crystal meth.  Sometime in January, 2007, Ms. Lemons was asked by another friend, the defendant Melvin McKinney, whether she knew of anyone who could get him some crystal meth.  She told him that she knew of no sources and made no efforts to find any for him.

      Thereafter, in early April, 2007, when Mr. Fox mentioned to her that he had some of the drug he wanted to sell, Ms Lemons put them together by giving Mr. Fox's phone number to Mr. McKinney.

      This sole act of putting them in touch with each other constitutes Ms. Lemons' entire involvement in the crime..  She had no role to play before April 8, 2007 and none after.  She received no compensation for the transaction between Fox and McKinney..

      Except for the past 8 years, Ms. Lemon's personal life has been something of a tragic mess.  She was born In Plainview, Texas on December 8, 1972 to a mother who was abused by her father, a father who abandoned the family when she was 18 months old. (She continues to have no relationship with him.)  Throughout her childhood her mother had a borderline personality disorder and was a schizophrenic

with visual and auditory hallucinations.

The mother attempted suicide when her daughter was 6. Ms. Lemons' two older brothers (by six and nine years) were essentially responsible for raising her.

However, the mother had Ms. Lemons institutionalized, off and on, between the ages of 12 - 17. At 17, she signed herself out of the institution and, unable to live with her mother, got her own apartment and a job, all while trying to finish high school. In fact, she has worked at one job or another (waitress, secretary, telemarketer, administrative assistant, etc.) since she was 15 years old.

Approximately 10 years ago, Ms. Lemons was convicted of possession of less that ½ ounce of marijuana. As part of her sentence, she voluntarily signed herself into a drug rehabilitation half-way house in Houston because she wanted to quit abusing marijuana and other illegal drugs. When she got off probation, her drug abuse started again so she moved to be with her cousin in Montana to avoid the scene. She spent six months there, began her jazz and blues singing career, and became, in her words, "a new woman".

Since then, she has had no history of drug abuse and no arrests, save for the instant case. She came to New York City 4 years ago to continue with her music, taking lessons at the Manhattan Singers Forum, and performing periodically. All the while, she has been employed, currently at the Bella Tile Company in Manhattan where she typically works 6 days a week. She has also overcome the effects of being a rape victim in 2003.

Her life goals are to continue with her music, hopefully traveling the world and performing. After that, she would like to become a social worker helping abused children. She believes it is her obligation "to give back to the community".

In view of the circumstances of the case and those of the defendant, I believe a review of the factors in 18 U.S.C. §3553(a), including the guideline level of 2, should result in a sentence of probation with no fine imposed.

Very truly yours,


Martin R. Stolar

MRS/s
cc: Marshall Camp, Esq.